UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:24-CV-124-RGJ

LANNIE FENTRESS
and
DARON FENTRESS                                                                          PLAINTIFFS

v.

GRAYSON COUNTY, EKNTUCKY, et al.                         DEFENDANTS

## GRAYSON COUNTY DEFENDANT'S ANSWER TO COMPLAINT

Defendants, Grayson County, Kentucky, Grayson County Sheriff Department, and Thomas Lane, Individually and in his official capacity as a Deputy with the Grayson County Sheriff Department, (collectively hereinafter "the Grayson County Defendants"), for their Answer to Plaintiffs' Complaint states as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

All allegations not specifically admitted herein are denied.

### THIRD DEFENSE

As an affirmative defense, the Grayson County Defendants state that to the extent that they are sued in an official capacity, they are an arm or political subdivision of the Commonwealth of Kentucky and are entitled to the protection of sovereign immunity, absolute, official and/or governmental immunity.

**FOURTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that at all times alleged in Plaintiffs' Complaint, they were acting in good faith and performing discretionary functions and are entitled to absolute and/or qualified immunity and/or qualified official immunity from suit in their individual capacities.

**FIFTH DEFENSE**

Plaintiffs' complaint is barred, in whole or in part, by operation of KRS 65.200 *et seq.*

**SIXTH DEFENSE**

As an affirmative defense, the Grayson County Defendants plead all affirmative defenses set forth in Federal Rule of Civil Procedure 8(c) and 12, but not limited to the affirmative defenses of statute of limitations, waiver, estoppel, laches and/or unclean hands. As this matter progresses, the Grayson County Defendants expressly reserve the right to allege additional affirmative defenses as they become available.

**SEVENTH DEFENSE**

Any damages allegedly sustained by Plaintiffs are the result of his own actions, omissions or wrongdoing or the actions, omissions or wrongdoing of other individuals for whom the Grayson County Defendants are not liable.

**EIGHTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that to the extent that Plaintiffs seek punitive damages against the Grayson County Defendants, they are immune from suits for punitive damages.

**NINTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that Plaintiffs' claim for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution; the proscription of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment prohibition against the imposition of the excessive fines; the "double-jeopardy" clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment; the Constitution of the United States, the Constitution of Kentucky and KRS 411.184.

**TENTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that they did not deliberately deprive the Plaintiffs of any right, privilege or immunity secured by the United States Constitution so as to bar any recovery by Plaintiffs herein.

**ELEVENTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that there exists no official Grayson County policy or custom that caused the Plaintiffs' alleged injury so as to bar any recovery by the Plaintiffs herein.

**TWELFTH DEFENSE**

As an affirmative defense, the Grayson County Defendants state that even in their official capacity or individual capacity, they cannot be held vicariously liable for the actions of the employees under the doctrine of *respondeat superior* so as to bar any recovery by Plaintiffs herein.

**THIRTEENTH DEFENSE**

The Grayson County Defendants affirmatively plead that the alleged actions and events set forth in Plaintiffs' Complaint are barred due to intervening and superseding occurrences and/or

occurrences, actions and/or conduct which were not known, anticipated or actionably foreseeable and thus no duty exists on the part of the Grayson County Defendants.

## FOURTEENTH DEFENSE

As an affirmative defense, the Grayson County Defendants plead that any alleged use of force by the Grayson County Defendants is justifiable and permitted by law under KRS 503.090(2). As such, the Grayson County Defendants are immune from suit pursuant to KRS 503.085.

## FIFTEENTH DEFENSE

As an affirmative defense, the Grayson County Defendants specifically plead that the damage alleged in Plaintiffs' Complaint were the result of Plaintiffs' negligence, contributory negligence, or comparative negligence.

## SIXTEENTH DEFENSE

1. Plaintiffs include a short section at the outset of their Complaint titled "Nature of the Claim." This appears to be an introduction to the Complaint without any substantive allegations. However, to the extent this section contains any substantive allegations, the Grayson County Defendants deny.

2. Paragraphs 59, 66, 82, 83, 87, and 88 of the Complaint contain legal assertions or conclusions which are to be determined by the Court and not the parties hereto. Until such time as those legal determinations are made by the Court, Grayson County Defendants deny.

3. The Grayson County Defendants admit the allegations contained in Paragraphs 10, 11, and 13 of the Complaint.

4. The Grayson County Defendants deny the allegations contained in Paragraphs 32, 34, 41, 43, and 96 of the Complaint.

5. The Grayson County Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 75, 92, and 93 of the Complaint and therefore deny same.

6. To the extent that Plaintiffs adopt, incorporates and reiterates other allegations in Paragraphs 14, 42, 53, 58, 64, 71, 77, 81, 86, 91, and 94 of the Complaint, Grayson County Defendants re-allege and reincorporate their responses and defenses to same.

7. With regard to the allegations in paragraphs 29, 30, 36, 37, 38, 39, 40, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 60, 61, 62, 63, 65, 67, 68, 69, 70, 72, 73, 74, 76, 78, 79, 80, 84, 85, 89, and 90, the Grayson County Defendants deny to the extent the allegations pertain to the Grayson County Defendants. The Grayson County Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the remaining allegations.

8. With regard to the allegations in Paragraph 9 of the Complaint, Grayson County Defendants admit only the Grayson County Sheriff's Department is an entity of Grayson County, Kentucky, and their agent for service of process is the judge executive. The Grayson County Defendants deny the remaining allegations.

9. With regard to the allegations in Paragraph 12 of the Complaint, Grayson County Defendants admit only with regard to Deputy Lane. The Grayson County Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the remaining allegations.

10. With regard to the allegations in Paragraph 25 of the Complaint, only the last sentence contains any allegation with regard to the Grayson County Defendants. The Grayson County Defendants admit only that Deputy Lane deployed his taser. The Grayson County

Defendants are without sufficient information or knowledge so as to form a belief as to the truth of the remaining allegations.

11. With regard to the allegations of Paragraph 26 of the Complaint, the Grayson County Defendants deny that Deputy Lane placed the Plaintiffs in handcuffs and arrested them. The charges brought against the Plaintiffs are a matter of public record.

12. With regard to the allegations in paragraph 31, the public records speak for themselves. To the extent that the allegations differ from the public records, the Grayson County Defendants deny.

13. With regard to the allegations in Paragraph 33, the Grayson County Defendants admit only the GCSD has written internal policies. With regard to the remaining allegations, the Grayson County Defendants deny.

14. With regard to the allegations in Paragraph 35, the Grayson County Defendants admit only that GCSD has standard operating procedures which address, amongst other things training. With regard to the remaining allegations, the Grayson County Defendants deny.

15. With regard to the allegations in Paragraph 95, the first sentence regarding Grayson County's duty to hire, train, and supervise is a legal assertion or conclusion that is to be determined by the Court and not the parties hereto. Until such time as those legal determinations are made by the Court, Grayson County Defendants deny. With regard to the remaining allegations, the Grayson County Defendants deny.

16. Any allegations not specifically admitted are denied.

17. Grayson County Defendants deny that Plaintiffs are entitled to the relief requested.

**WHEREFORE**, Defendants, Grayson County, Kentucky, Grayson County Sheriff Department, and Thomas Lane, Individually and in his official capacity as a Deputy with the

Grayson County Sheriff Department, request that Plaintiffs' Complaint be dismissed with prejudice and held for naught, a trial by jury, that the Grayson County Defendants recover their costs and attorney fees herein expended and any and all other relief to which he may appear to be entitled.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
asmith@elpolaw.com
jshoulders@elpolaw.com


*/s/ Aaron D. Smith*
AARON D. SMITH
JESSICA R. SHOULDERS

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record and that a copy was sent via U.S. Mail to the following:

Matthew J. Baker
911 College Street, Suite 200
Bowling Green, Kentucky 42101
mbakerlaw@bellsouth.net

Harold Miller, Mayor
Leitchfield City Hall
P.O. Box 398
Leitchfield, KY 42754

Dennis Newton
Leitchfield Police Department
515B South Main Street
Leitchfield, KY 42754

Justin Cockerel
Leitchfield Police Department
515B South Main Street
Leitchfield, KY 42754

Brian Jennings
Leitchfield Police Department
515B South Main Street
Leitchfield, KY 42754

Tamara Jupin
Leitchfield Police Department
515B South Main Street
Leitchfield, KY 42754

*/s/ Aaron D. Smith*
AARON D. SMITH