UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00124-RGJ
*ELECTRONICALLY FILED*

LANNIE FENTRESS and DARON FENTRESS                    PLAINTIFFS

vs.     **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF DEFENDANTS THE CITY OF LEITCHFIELD, THE LEITCHFIELD POLICE DEPARTMENT, BRIAN JENNINGS, AND TAMARA JUPIN**

CITY OF LEITCHFIELD, et al.                                          DEFENDANTS

\* \* \* \* \* \* \* \*

Come now the Defendants the City of Leitchfield, the City of Leitchfield Police Department, Brian Jennings, Individually and in his Official Capacity, and Tamara Jupin, Individually and in her Official Capacity, by counsel, pursuant to F. R. Civ. P. 12(b)(6), and for their motion to dismiss for failure to state a claim, state as follows:

**FACTS**

On June 9, 2024, City of Leitchfield police officers and Grayson County deputies responded to a 911 call about an explosion and/or fire at a residence located at 10 Rison Drive within the Leitchfield city limits. Multiple officers responded and encountered Plaintiff Lannie Fentress, who owned the property at this residence, and his son, Plaintiff Daron Fentress, was also at the residence.

An argument and a physical altercation then ensued between one or more of the police officers and the Plaintiffs, and thereafter, officer D.J. Newton arrested Lannie Fentress and officer Justin Cockerell arrested Daron Fentress. The charges against both Plaintiffs were later dismissed.

In this civil action, Plaintiffs now sue multiple city and county defendants. In their Complaint, the Plaintiffs assert claims under 42 U.S.C. § 1983 for excessive force and cruel and unusual punishment, assault, battery, negligence, false arrest, false imprisonment, malicious prosecution, abuse of process, professional malfeasance, professional nonfeasance, negligent hiring, negligent retention, negligent supervision, and negligent training. [D-1]

The Defendants Jennings, Jupin and the City now move this Court, pursuant to F. R. Civ. P. 12(b)(6), to dismiss certain claims against them which fail as a matter of law.

## ARGUMENT

### I.   THE STANDARD OF REVIEW FOR MOTIONS TO DISMISS.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and must draw inferences in a light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the Complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Gadberry v. Bethesda, Inc., et al.*, 608 F.Supp.2d 916, 918 (S.D. Ohio 2009) citing *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997).

The Court, even when accepting all factual allegations contained in the Complaint as true, and when and drawing all inferences in a light most favorable to Plaintiffs, should grant this motion to dismiss on behalf of these Defendants because there is no viable theory to support following claims against these Defendants as a matter of law.

### II.   THE DEFENDANT "LEITCHFIELD POLICE DEPARTMENT" IS NOT A PROPER PARTY TO THIS CASE.

Plaintiffs have sued the Leitchfield Police Department. [D-1, PageID#1] The Leitchfield Police Department is not a distinct entity that is subject to suit. The proper defendant is the City of

Leitchfield, of which the Leitchfield Police Department is merely a department. *See Mayers v. Williams*, WL 4857567 at 3 (6th Cir. 2017)(police department may not be sued); *Rhoades v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)(per curiam)(sheriff's department itself may not be sued); *Matthews v. Jones*, 35 F.3d 1049 (6th Cir. 1994)(since the police department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of the complaint).

The Leitchfield Police Department is merely part of the City - it is not a distinct legal entity. The dismissal of the Leitchfield Police Department will not adversely affect the amount, or type, of insurance coverage applicable to the City of Leitchfield or potentially available to the Plaintiffs.

### III. PLAINTIFFS' OFFICIAL CAPACITY CLAMS AGAINST DEFENDANTS JENNINGS AND JUPIN ARE DUPLICATIVE.

Plaintiffs have sued the Defendants Jennings and Jupin both in their individual capacities and in their official capacities. [D-1, PageID#2] For now, the individual capacity claims will remain and they are not the subject of this motion. However, the official capacity claims against both Jennings and Jupin fail as a matter of law.

An official capacity suit is a claim directly against the local government unit, and is another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Isom v. Ramsey*, WL 2079408 (W.D. Ky. 2008); *Scott v. Townsend*, WL253960 (W.D. Ky. 2012)(an action brought against an official of a governmental entity in his/her official capacity should be construed as brought against the governmental entity itself); *Anderson v. Collins*, 1998 WL 1031496 (E.D. Ky., 1998)(suits against government officials acting in their official capacities are deemed suits against the governmental entity).

Plaintiffs have also sued the City of Leitchfield and the City is a party to this action. [D-1, PageID#1] However, the official capacity claims asserted against officers Jennings and Jupin are

redundant. Accordingly, these official capacity claims against the Defendants Brian Jennings and Tamara Jupin should be dismissed, with prejudice.

### IV. PLAINTIFFS HAVE NO EIGHTH AMENDMENT CLAIMS AGAINST JENNINGS, JUPIN, OR THE CITY.

Plaintiffs assert a §1983 claim alleging that all Defendants engaged in cruel and unusual punishment in violation of the Eighth Amendment. [D-1, PageID#9]. The Eighth Amendment of the United States Constitution states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *U.S. Const. Amend. VIII*.

While the Fourth Amendment protects free citizens from excessive force in prohibiting unreasonable seizures, the Eighth Amendment only protects convicted persons from excessive force in prohibiting cruel and unusual punishment. *Reece v. Shelby County, Kentucky,* WL 912259 (E. D. Ky. 2018).

Neither Plaintiff was a "convicted person" at the time of this incident, so the Eighth Amendment is inapplicable to this case. Plaintiffs' claims for cruel and unusual punishment under the Eighth Amendment against the Defendants Jennings and Jupin, Individually, and against the City of Leitchfield should be dismissed, with prejudice, against each of these Defendants.

### V. PLAINTIFFS HAVE NO PUNITIVE DAMAGES CLAIMS AGAINST THE CITY OF LEITCHFIELD.

Plaintiffs assert punitive damages claims against all defendants. [D-1, PageID #16] Plaintiffs claims for punitive damages against City of Leitchfield fail as a matter of law. The Kentucky Claims Against Local Governments Act, KRS 65.2002, expressly bars awards of punitive damages against cities and municipalities. *KRS 65.2002,* attached as Exhibit #1.

This the 13th day of December, 2024.

4

                                                BELL, HESS & VAN ZANT, PLC
                                                P.O. Box 844
                                                2819 Ring Road
                                                Suite 101
                                                Elizabethtown, Kentucky  42702-0844
                                                (270) 765-4196
                                                jbell@bhvzlaw.com


BY: __/s/ Jason Bell_____
       Jason Bell - 85821
       *Attorney for Defendants City of Leitchfield,*
       *City of Leitchfield Police Department,*
       *Brian Jennings and Tamara Jupin*


## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  A copy is also being sent by U.S. Mail to Officers Newton and Cockerel, as follows:

| | |
|---|---|
| Matthew J. Baker | Aaron D. Smith |
| 911 College Street, Suite 200 | Jessica R. Shoulders |
| Bowling Green, KY 42101 | English, Lucas, Priest & Owsley, LLP |
| *Counsel for Plaintiffs* | 1101 College Stret |
| | PO Box 770 |
| | Bowling Green, KY 42102-0770 |
| | *Attorneys for Defendants Grayson* |
| | *County Sheriff Department* |
| | *and Thomas Lane* |
| | |
| Dennis Newton | Justin Cockerel |
| Leitchfield Police Department | Leitchfield Police Department |
| 515B South Main Street | 515B South Main Street |
| Leitchfield, KY 42754 | Leitchfield, KY 42754 |

__/s/ Jason Bell_____
*Attorney for Defendants City of Leitchfield*
*City of Leitchfield Police Department*
*Brian Jennings and Tamara Jupin*