## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 4:24-CV-00124-RGJ-HBB

**LANNIE FENTRESS, et al.**                                                                 **PLAINTIFFS**

**V.**

**CITY OF LEITCHFIELD, et al.**                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Dennis J. Newton, in his individual capacity, to stay the proceedings pending the disposition of related criminal charges against him (DN 24). The Plaintiffs have filed a Response in opposition at DN 25 and Newton has replied at DN 27.

### Nature of the Case

Plaintiffs Lannie and Daron Fentress assert claims for civil rights deprivations pursuant to 42 U.S.C. § 1983, as well as state law claims. Relevant to the present motion, the Plaintiffs allege that Newton was employed as an officer with the Leitchfield Police Department (DN 25, p. 2). The Plaintiffs heard a sound like an explosion at their residence and smelled smoke (*Id.*). Apparently a lithium battery had exploded (*Id.*). They called for emergency assistance and attempted to extinguish a fire in the basement with a garden hose (*Id.*). Several police officers, including Newton, responded to the call (*Id.*). The Plaintiffs allege that, when Lanny Fentress realized the fire department had not yet arrived, he attempted to re-enter the basement to continue fire-fighting efforts (*Id.* at p. 3). Newton restrained Lannie and threatened to hit Daron with a fire extinguisher (*Id.*). They contend they both were tased, beaten, and arrested (*Id.*). Ultimately, the

grand jury declined to indict Lannie (DN 1, pp. 7-8). It did, however, indict Newton on two counts of Fourth Degree Assault, Terroristic Threatening and Menacing, and one count of Criminal Trespassing (DN 27-2).

### The Motion to Stay

Newton requests a stay of the action, pending resolution of the criminal charges pending against him, so that he may avoid the necessity of asserting his Fifth Amendment right against self-incrimination as the case moves through discovery (DN 24).

Plaintiffs respond by arguing that Newton has not demonstrated that a stay of the entire case is warranted under the factors courts typically utilize to evaluate such requests (DN 25, pp. 4-5). These include: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and the burden on the defendants; (5) the interests of the courts; and (6) the public interest (DN 25, p. 4) (citing *SEC v. Bongiorno,* 594 F. Supp. 3d 938, 943 (N.D. Ohio 2022)). Plaintiffs do not oppose a stay of discovery particularized to Newton.

Newton replies that a stay of discovery directed to him is appropriate to avoid the complication of asserting his Fifth Amendment right to resist discovery sought by the Plaintiffs, which would be eliminated by waiting until the criminal matter was resolved (DN 27, pp. 2-3). Further, Newton contends resolution of the criminal charges could resolve or moot some of the civil claims (*Id.* at p. 4). Moreover, Newton argues that, even to the extent discovery sought from him in this case did not implicate his Fifth Amendment rights, it could nonetheless impair his defense in the criminal case by requiring him to make disclosures regarding witnesses and

evidence that are not required under the criminal rules of procedure, thus providing an unfair advantage to the prosecution (*Id.* at p. 8).

## Discussion

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citation omitted). District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 627 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Newton's motion initially sought to stay the action in its entirety. Plaintiffs' Response disputed the propriety of a general stay, but conceded Newton's entitlement to protection from self-incrimination as to discovery directed to him. Newton's Reply accepts the Plaintiffs' invitation to modify the request to staying discovery only as it relates to him. In instances where the parties have disputed whether protection of a defendant's Fifth Amendment rights requires a stay of discovery as to that particular defendant, courts frequently examine whether a stay is mandated, or whether at least some discovery directed to that defendant may proceed. *See, e.g. Embry v. Discount Motors, LLC*, NO. 4:23-CV-00078-HBB, 2024 U.S. Dist. LEXIS 24036 (W.D. Ky. Feb. 12, 2024); *Williams v. Webster Cnty.*, NO. 4:21-CV-00093-JHM, 2022 U.S. Dist. LEXIS 71536 (W.D. Ky. April 19, 2022). Here, Plaintiffs do not contest Newton's motion to the extent that he requests a stay of discovery directed to him. None of the other Defendants have opposed his motion. Consequently, the Court will not create a dispute where none exists.

4

**WHEREFORE**, Defendant Dennis L. Newton's motion, in his individual capacity, DN 24 is **GRANTED IN PART** and **DENIED IN PART**. The action is not stayed; however, discovery directed to Defendant Newton is stayed pending resolution of the criminal charges.

H. Brent Brennenstuhl
United States Magistrate Judge

February 12, 2025

Copies: Counsel