UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LANNIE FENTRESS
and DARON FENTRESS                                                                              Plaintiffs

v.                                                                                      Case No. 4:24-cv-124-RGJ-HBB

CITY OF LEITCHFIELD, *et al.*                                                               Defendants

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants City of Leitchfield and the City of Leitchfield Police Department (together "Leitchfield"), Brian Jennings, and Tamara Jupin move for partial dismissal of Plaintiffs' complaint. [DE 17]. Plaintiffs Lannie Fentress and Daron Fentress (the "Fentresses") responded. [DE 21]. Leitchfield, Jennings, and Jupin replied. [DE 23]. No other defendants have responded to the motion in the time permitted.[1] *See* LR 7.1(c). For the following reasons, the motion for partial dismissal [DE 17] is **GRANTED**. Additionally, the parties shall refrain from inappropriately filing discovery papers and electronically available legal authorities going forward. *See* Fed. R. Civ. P. 5(d)(1)(A) ("[D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."); LR 7.1(h).

## I. BACKGROUND

This case arises from an altercation between the Fentresses, who are father and son, and several law enforcement officers. Leitchfield is the county seat of defendant Grayson County,

---

[1] Defendants Dennis Newton, Justin Cockerel, Grayson County, Grayson County Sheriff Department and Thomas Lane did not respond but have answered the complaint. [DE 15; DE 19].

Kentucky ("Grayson County"). [*See* DE 1 at 4]. Defendants Newton, Cockerel, Jennings, and Jupin were Leitchfield police officers at all relevant times. [*Id.* at 4–5]. Defendant Thomas Lane was a deputy sheriff with defendant Grayson County Sheriff Department (the "Sheriff's Office"). [*Id.* at 5]. The Fentresses allege that Grayson County controls the Sheriff's Office. [*Id.*].

According to the complaint, on or about June 9, 2024, the Fentresses were at home "when they heard a loud noise, like an explosion," and smelled smoke. [*Id.* at 6]. There was a fire in the basement. [*Id.*]. Lannie instructed his wife to call 911, then retrieved a garden hose. [*Id.*]. Both Lannie and Daron began attempting to extinguish the fire. [*Id.*]. Officers including Jennings, Jupin, Newton, Cockerel, and Lane responded to the scene. [*Id.* at 6–7]. Lannie exited the home and stated that a battery had exploded. [*Id.* at 6]. The Leitchfield officers had fire extinguishers with them but did not attempt to extinguish the fire. [*Id.*]. When Lannie attempted to reenter the home and continue combatting the fire, Newton grabbed his arm, threatened to arrest him, and threatened to hit Daron with a fire extinguisher. [*Id.* at 6–7]. Newton and Cockerel tased both of the Fentresses, beat Lannie, and restrained him. [*Id.* at 7]. Lane tased Lannie as well. [*Id.*].

Ultimately, both of the Fentresses were handcuffed and arrested. [*Id.*]. They posted bond and were released. [*Id.*]. Later, a grand jury returned no true bill for Lannie, and the charges against him were dismissed. [*Id.* at 7–8]. Newton was charged for his role in the altercation, and the grand jury returned a misdemeanor indictment against him. [*Id.* at 7].

The Fentresses claim they "never . . . posed a threat to anyone in the vicinity of the incident" and that officers "never had a justifiable legal basis to detain . . . or remove them from the property." [*Id.* at 7]. More broadly, they allege that Leitchfield and the Sheriff's Office failed to adequately train their respective police officers and deputy sheriffs regarding the use of force "when a suspect is posing no threat," resulting in a "pattern" of unreasonable force. [*Id.* at 8]. They

further allege that Leitchfield and the Sheriff's Office "have acted with deliberate indifference" towards that pattern. [*Id.* at 8–9].

The complaint asserts 10 causes of action: federal rights violations under 42 U.S.C. § 1983; assault and battery; negligence; false arrest and imprisonment; malicious prosecution; abuse of process; two counts of professional malfeasance; and two counts of negligent hiring, retention, supervision, and training. [*Id.* at 9–16]. The Section 1983 claim invokes both the Fourth Amendment and the Eighth Amendment. [*Id.* at 9–10]. The final two counts are pleaded against Leitchfield and Grayson County and the Sheriff's Office, respectively. [*Id.* at 15–16]. All other claims are pleaded "against all defendants (in all capacities)." [*Id.* at 9–15]. The complaint seeks both compensatory and punitive damages. [*Id.* at 16].

Grayson County, the Sheriff's Office, and Lane have answered the complaint. [DE 15]. So have Newton and Cockerel. [DE 19]. All parties have participated in a Rule 26(f) scheduling conference and commenced discovery.[2] [DE 22]. The Magistrate Judge has generally stayed discovery requests directed to Newton in light of his criminal charges. [DE 28].

## II. STANDARD

In order "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a complaint must state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable

---

[2] Some parties have inappropriately filed discovery materials in the record. [DE 32; DE 35; DE 39; DE 40]. Initial disclosures and other discovery papers "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(A). This includes notices of service and deposition notices. LR 26.1(b); *see also* Fed. R. Civ. P. 5(d) advisory committee's note to 2000 amendment.

inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quotation marks omitted). However, factual allegations must be more than "speculative," and "conclusory allegations or legal conclusions" will not suffice. *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 435 (6th Cir. 2016) (quotation marks omitted). It is the defendant's burden to show that the complaint fails to state a plausible claim for relief. *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851, 859 (6th Cir. 2023).

### III. ANALYSIS

Leitchfield, Jennings, and Jupin present four arguments for dismissing various aspects of the Fentresses' complaint. Three of their arguments are unopposed.

#### A. Unopposed Arguments

The movants argue that the Leitchfield Police Department is "not a distinct entity that is subject to suit"; that the official-capacity claims against Jennings and Jupin are "duplicative" of the claims against Leitchfield itself; and that the complaint's allegations do not implicate the Fentresses' Eighth Amendment rights. [DE 17 at 79–81]. The Fentresses' response does not address these points. [*See* DE 21].

Each of these arguments is well-taken. First, a local police department is merely part of the local government, "not an entity which may be sued." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Gomez v. Jefferson Cnty. Police Dep't*, 7 F. Supp. 2d 876, 883 (W.D. Ky. 1996). Second, because official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent," where plaintiffs plead both, this Court "dismiss[es] the official capacity claims." *Scott v. Louisville/Jefferson Cnty. Metro Gov't*, 503 F. Supp. 3d 532, 541 (W.D. Ky. 2020) (quotation marks omitted). Finally, it is well-established that "the Eighth Amendment right against 'cruel and unusual punishments' . . . kicks in only after a

4

conviction." *Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 926 (6th Cir. 2024) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Furthermore, "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) (quotation marks omitted); *see also Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567, 569 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. v. Global Med. Billing, Inc.*, 520 F. App'x. 409, 412 (6th Cir. 2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (noting that it is well settled law that a plaintiff waives a claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and "the Court assumes he concedes this point and abandons the claim."). The Fentresses have conceded these three arguments, and on these points, the motion for partial dismissal is granted.

### B. Punitive Damages

Leitchfield, Jennings, and Jupin argue that Kentucky's Claims Against Local Governments Act ("CALGA"), Ky. Rev. Stat. § 65.200 *et seq.*, "expressly bars awards of punitive damages against cities and municipalities" such as Leitchfield.[3] [DE 17 at 81]. "The protections afforded by CALGA allow public employees to diligently and faithfully serve the Commonwealth without worrying about the financial burdens and other adverse consequences of civil litigation, which

---

[3] The movants have filed certain legal authorities as exhibits. [DE 17-1; DE 23-1]. Because those authorities are electronically available, filing them in the record was unnecessary. *See* LR 7.1(h).

may stem from their civil service." *Richardson v. Louisville/Jefferson Cnty. Metro Gov't*, 260 S.W.3d 777, 781 (Ky. 2008). The Act provides in relevant part:

> The amount of damages recoverable against a local government for death, personal injury or property damages arising out of a single accident or occurrence, or sequence of accidents or occurrences, shall not exceed the total damages suffered by plaintiff, reduced by the percentage of fault including contributory fault, attributed by the trier of fact to other parties, if any.

Ky. Rev. Stat. § 65.2002. Kentucky courts "have interpreted th[is] statute to generally prohibit recovering punitive damages from a municipality." *Schell v. Young*, 640 S.W.3d 24, 44 (Ky. App. 2021) (citing *Louisville Metro Housing Auth. v. Burns*, 198 S.W.3d 147, 150–51 (Ky. App. 2005)); *see also Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 165 (Ky. 2003).

The Fentresses do not dispute that § 65.2002 precludes an award of punitive damages against Leitchfield. Instead, they argue that Kentucky's "jural rights" and "separation of powers" doctrines render CALGA unconstitutional. [DE 21 at 113–15]. "The jural rights doctrine precludes any legislation that impairs a right of action in negligence that was recognized at common law prior to the adoption of the Commonwealth's Constitution in 1891." *Waugh v. Parker*, 584 S.W.3d 748, 754 (Ky. 2019) (citing Ky. Const. §§ 14, 54, 241). Under the separation of powers doctrine, "the legislative function cannot be so exercised as to interfere unreasonably with the functioning of the courts." *Arkk Props., LLC v. Cameron*, 681 S.W.3d 133, 140 (Ky. 2023) (quoting *Ex parte Auditor of Pub. Accts.*, 609 S.W.2d 682, 688 (Ky. 1980); *accord* Ky. Const. §§ 27–28.

This Court will not question the constitutionality of state legislation where such questions can be avoided. *See Northland Fam. Plan. Clinic, Inc. v. Cox*, 487 F.3d 323, 339 (6th Cir. 2007); *see also McKesson v. Doe*, 592 U.S. 1, 6 (2020) (per curiam) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 79 (1997)). CALGA's prohibition against punitive damages was enacted 37 years ago and has remained good law since then. *See* 1988 Ky. Acts ch. 224; *see also Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Albright*, ___ S.W.3d ___, 2025 WL 890812, at *10 (Ky.

6

Mar. 20, 2025) (to be published). Furthermore, the Kentucky Court of Appeals has rejected both challenges that the Fentresses raise here. *See Williams v. City of Glasgow*, No. 2017-CA-001246-MR, 2018 WL 3794739, at *6 (Ky. App. Aug. 10, 2018). Particularly in light of *Williams*, it is presumed that CALGA conforms with the Kentucky Constitution. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 547 (1949). Because CALGA prohibits an award of punitive damages against Leitchfield, on this point, the motion for partial dismissal is granted.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the motion for partial dismissal [DE 17] is **GRANTED**:

- The Leitchfield Police Department is **DISMISSED**;

- All official-capacity claims against Jennings and Jupin are **DISMISSED**;

- The Fentresses' Section 1983 claim, to the extent it relies on the Eighth Amendment's prohibition against cruel and unusual punishment, is **DISMISSED**; and

- The Fentresses' request for punitive damages, to the extent it is asserted against Leitchfield, is **DISMISSED**.

Leitchfield, Jennings, and Jupin **SHALL** answer the complaint within **fourteen (14) days** of this order's entry. *See* Fed. R. Civ. P. 12(a)(4). Additionally, the parties **SHALL NOT** inappropriately filing discovery papers, Fed. R. Civ. P. 5(d)(1)(A), or electronically available legal authorities, LR 7.1(h), going forward in this case.

May 29, 2025

Rebecca Grady Jennings, District Judge
United States District Court